**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| PENNSYLVANIA STATE POLICE, | : No. 406 MAL 2018 |
| Respondent | : |
| | : Petition for Allowance of Appeal from |
| | : the Order of the Commonwealth Court |
| v. | : |
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA, | : |
| Petitioner | : |

## <u>ORDER</u>

**AND NOW**, this 3rd day of December, 2018, the Petition for Allowance of Appeal is **GRANTED**.  The issues, as stated by petitioner, are:

a.  Did the Commonwealth Court err in holding that the use of *in camera* review is inappropriate when the public-safety exemption is claimed and should be reserved for cases involving assertions of attorney-client privilege, the work-product protection, and the predecisional-deliberation exception?

b.  Given the standard understanding of plenary review, did the Commonwealth Court err when it reversed the OOR findings of fact without reviewing all of the evidence that OOR reviewed to make those findings?

c.  Did the Commonwealth Court err in finding that the Burig Affidavit, on its face, provided sufficient evidence of a threat to public safety to justify each of the redactions to PSP's social media-monitoring policy - including the redaction of the "definitions" section and the provisions regarding social-media research on prospective employees?

The Pennsylvania NewsMedia Association's motion for leave to file an *amicus* brief in support of petitioner is **GRANTED**.